# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES HUNDLEY | ) | CASE NO.: 1:19CV1425 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| WARDEN DOUGLAS FENDER | ) | |
| | ) | (Resolves Docs. 1, 2, and 3) |
| Respondent. | ) | |

*Pro se* Petitioner Charles Hundley ("Petitioner" or "Hundley") is incarcerated at the Lake Erie Correctional Institution and is serving a sentence for a conviction in the Cuyahoga Court of Common Pleas in 2017 for murder, felonious assault, involuntary manslaughter, and weapons under disability – Case No.CR-17-612938-A ("Criminal Case"). Doc. 1 ("Petition"). Hundley filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 regarding the Criminal Case. He filed a Motion to proceed with the Petition *in forma pauperis*, and that motion is granted. Doc. 2.

Hundley filed a direct appeal of his conviction in the Criminal Case which was denied by the Ohio Court of Appeals, Eighth District. *State v. Hundley*, No. 106235, 2018 WL 4236678 (Ohio Ct. App. Sep. 6, 2018). The Ohio Supreme Court declined his appeal. *State v. Hundley*, 114 N.E.3d 1207 (Ohio 2019). Petitioner sought to reopen his appeal, which was denied by the Eight District Court of Appeals. *State v. Hundley*, No. 106235, 2019 WL 643562 (Ohio Ct. App. Feb. 8, 2019).

Petitioner asserts no grounds for relief in the Petition. Rules 2(c)(1) and (2) of the Rules Governing Habeas Corpus Cases under Section 2254 require that a § 2254 habeas petition "specify all the grounds for relief available to the petitioner" and "state the facts

supporting each ground." The AO241 petition form submitted by Petitioner repeats the requirements of Rule 2(c) at numbered paragraph 12. *See* Petition at 4.

As with all *pro se* pleadings, *pro se* habeas petitions are liberally construed by the Court. *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985); *Herron v. Kelly*, No. 1:10CV1783, 2013 WL 3245326, at *3 (N.D. Ohio June 26, 2013) (same) (citing *Franklin*, 765 F.2d at 84-85). But even liberally construing the Petition, it not only fails to comply with Rule 2(c) but is so deficient that it is not possible for the Court to determine the errors of fact or law that Petitioner raises for adjudication with respect to the Criminal Case.

Where a § 2254 habeas petition is so deficient that, even liberally construed, the Court is unable to ascertain the nature of Hundley's habeas claims, the Petition is subject to dismissal. *Edwards v. Johns*, 450 F. Supp. 2d 755, 756 (E.D. Mich. 2006) (dismissing § 2254 habeas petition where the court cannot ascertain the errors of fact or law that may be raised in the petition) (citing *McFarland v. Scott,* 512 U.S. 849, 856 (1994)); *see also Rice v. Warden*, No. 1:14-CV-732, 2015 WL 5299421, at *4 (S.D. Ohio Sept. 9, 2015) (dismissal under Rule 2(c) appropriate in cases where it is not possible for the court to determine the errors of law or fact raised for adjudication) (collecting cases), *report and recommendation adopted sub nom. Rice v. Warden, Pickaway Corr. Inst.*, No. 1:14CV732, 2015 WL 6104354 (S.D. Ohio Oct. 16, 2015).

This case is dismissed without prejudice to Hundley filing a petition in accordance with the requirements of Rule 2.

Considering the Court's ruling, Hundley's motion to hold the Petition in abeyance pending exhaustion of his state remedies is moot and denied as such. Doc. 3.
2

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


<u>June  28  , 2019</u>                                        __s/John R. Adams_____
                                                                                                     JUDGE JOHN R. ADAMS
                                                                                                     UNITED STATES DISTRICT COURT